United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                      Case No. 17-10751-amc
Jacinto Reynoso                                                             Chapter 13
         Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2          User: YvetteWD          Page 1 of 1              Date Rcvd: Dec 13, 2017
                              Form ID: pdf900         Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 15, 2017.
db             +Jacinto Reynoso,    256 Southern Avenue,    Ambler, PA 19002-4815

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                               TOTAL: 0

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                               TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 15, 2017                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 13, 2017 at the address(es) listed below:
              BRIAN CRAIG NICHOLAS    on behalf of Creditor    Deutsche Bank National Trust Company, As Trustee
               et al bnicholas@kmllawgroup.com,   bkgroup@kmllawgroup.com
              ERIK B. JENSEN    on behalf of Debtor Jacinto  Reynoso akeem@jensenbagnatolaw.com,
               gilberto@jensenbagnatolaw.com;mjmecf@gmail.com
              JEROME B. BLANK    on behalf of Creditor    Deutsche Bank National Trust Company, As Trustee et al
               paeb@fedphe.com
              MATTEO SAMUEL WEINER    on behalf of Creditor    Deutsche Bank National Trust Company, As Trustee
               et al bkgroup@kmllawgroup.com
              MATTHEW CHRISTIAN WALDT    on behalf of Creditor    DEUTSCHE BANK NATIONAL TRUST COMPANY
               mwaldt@milsteadlaw.com,    bkecf@milsteadlaw.com
              THOMAS YOUNG.HAE SONG    on behalf of Creditor    Deutsche Bank National Trust Company, As Trustee
               et al pa.bkecf@fedphe.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                             TOTAL: 8

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| JACINTO REYNOSO | : |
| GREGORIA E. REYNOSO (NON-FILING CO- | : BK. No. 17-10751 AMC |
| MORTGAGOR) | : |
| Debtors | : |

### STIPULATION IN SETTLEMENT OF MOTION FOR RELIEF
### FROM THE AUTOMATIC STAY

It is hereby stipulated by and between Phelan Hallinan Diamond & Jones, LLP, counsel for the Movant, **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR NOVASTAR MORTGAGE FUNDING TRUST, SERIES 2007-2, NOVASTAR HOME EQUITY LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-2**, and ERIK B. JENSEN, Esquire, counsel for the Debtors, as follows:

1. The Automatic Stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. This Stipulation pertains to the property located at **134 CORNWALL PLACE, COATESVILLE, PA 19320**, mortgage account ending with **"7872"**.

3. The parties agree that the total post-petition arrearage consists of three (3) monthly payments for the months of September 2017 through November 2017 at $1,525.98 each; attorney fees and costs in the amount of $1,031.00; less Debtor's suspense in the amount of $644.12; resulting in the total post-petition arrearage amount of $4,964.82.

4. Beginning December 1, 2017, Debtor shall commence payment of the regular monthly mortgage payment in the amount of $1,525.98, plus the additional payment in the amount of $827.47, for a total monthly payment amount of $2,353.45. The Debtor will continue to pay this amount each month from December 1, 2017 through and including May 1, 2018 to cure the aforementioned post-petition arrearage. All subsequent monthly payments and late charges shall be due in accordance with the terms of the Mortgage. All payments made pursuant to this Stipulation shall be by certified check or money order payable to **OCWEN LOAN SERVICING, LLC, Attn: Cashiering Department, 1661 WORTHINGTON ROAD, SUITE 100, WEST PALM BEACH, FL 33409.**

5. If Debtors provides sufficient proof (front and back copies of checks or money orders) of payments made, but not already credited, the account will be adjusted accordingly.

6. Should the Debtor fail to make any of the above captioned payments, or if any regular monthly mortgage payment commencing after the cure of the post-petition delinquency is more than fifteen (15) days late, Movant shall send Debtor and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, counsel shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay and Co-Debtor stay under §1301 ,waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

7. In the event the Debtors convert to a Chapter 7 during the pendency of this bankruptcy case, the Debtors shall cure all arrears within ten (10) days from the date of conversion in order to bring the loan contractually current. Should the Debtors fail to bring the loan contractually current, Movant shall send Debtors and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, counsel shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay and Co-Debtor stay under §1301 ,waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

8. Debtor's tendering of a check to **OCWEN LOAN SERVICING, LLC**, which is subsequently returned due to insufficient funds in the account upon which the check is drawn, shall not constitute payment as the term is used in this Stipulation.

9. The parties stipulate that Movant shall be permitted to communicate with the Debtor and Debtor's Counsel to the extent necessary to comply with applicable non-bankruptcy law.

10. This stipulation survives any loan modification agreed to and executed during the instant bankruptcy. If any regular monthly mortgage payment due after the execution of a loan modification is more than fifteen (15) days late, Movant shall send Debtor and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, counsel shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay and Co-Debtor stay under §1301 ,waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

11. The parties agree that a facsimile signature shall be considered an original signature.

Date:    November 17, 2017

Jerome Blank, Esq.
Andrew L. Spivack, Esq.
James P. Shay, Esq.
Thomas Song, Esq.
Mario J. Hanyon, Esq.
Attorneys for Movant

/s/ Erik B. Jensen
ERIK B. JENSEN, ESQUIRE
Attorney for Debtor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:
JACINTO REYNOSO
GREGORIA E. REYNOSO (NON-FILING CO-MORTGAGOR)
        Debtors

CHAPTER 13

BK. No. 17-10751 AMC

## ORDER

AND NOW, this _____ day of _____, 2017, it is hereby **ORDERED** that the corresponding Stipulation is hereby approved, shall be, and is hereby made an Order of this Court.

**Date: December 13, 2017**

_____
ASHELY M. CHAN,
**Bankruptcy Judge**

WILLIAM C. MILLER, ESQUIRE (TRUSTEE)
1234 Market Street, Suite 1813
Philadelphia, PA 19107

ERIK B. JENSEN, ESQUIRE
1500 Walnut Street, Suite 1920
Philadelphia, PA 19102

UNITED STATES TRUSTEE
833 CHESTNUT STREET, SUITE 500
PHILADELPHIA, PA 19107

JACINTO REYNOSO
256 SOUTHERN AVENUE
AMBLER, PA 19002

GREGORIA E. REYNOSO
134 CORNWALL PLACE
COATESVILLE, PA 19320